Argued June 14; affirmed June 26, 1934

## GREVE *v.* PORTLAND REMEDIAL LOAN ASSOCIATION

(34 P. (2d) 303)

*Harlow L Weinrick,* of Portland (D. D. Hail and Lannes Baird, both of Portland, on the brief), for appellant.

*Frank Hall Reeves,* of Portland, for respondent.

CAMPBELL, J. On April 15, 1931, plaintiff delivered to one Anna Griffiths a diamond ring, of the value of $500, on a conditional sales contract, with an initial payment of $15 and the balance to be paid in monthly installments, the title to the ring remaining in the vendor. The contract authorized the vendor to take

possession of the ring at any time or at any place on breach of any of its conditions. Nothing more than the initial installment was paid on the contract. The vendee violated the conditions of the contract on April 16, 1931, by pawning the ring with the defendant, Portland Remedial Loan Association, an Oregon corporation, duly authorized to carry on a small loan and pawnbroker's business in Portland, Oregon, for the sum of $75, to be paid with interest at the rate of two per cent per month. The interest on the loan was paid for one year.

On November 14, 1932, plaintiff filed his complaint in the district court for Multnomah county, Oregon, to recover possession of said ring. The complaint contained the usual allegations in an action for claim and delivery with a prayer for the return of the ring or, in case the ring could not be returned, for a judgment against the defendant in the sum of $500, the value thereof.

To plaintiff's complaint, defendant filed an answer in the form of a general denial.

Upon trial, plaintiff recovered judgment for the return of the ring or, in default of return, a judgment for the sum of $350, the value thereof. Defendant thereupon appealed the cause to the circuit court, where it was tried to the court, both parties waiving a jury.

Plaintiff introduced evidence tending to show that he was the owner of the ring and that it was of the value of $350; that he had made demand for the possession thereof upon the defendant and that defendant refused to deliver it.

At the close of plaintiff's case, counsel for defendant moved for a judgment in favor of defendant, "on the ground and for the reason that plaintiff has not

sustained the allegations in plaintiff's complaint". This motion was overruled and, defendant refusing to introduce any testimony, the court thereupon made findings and entered a judgment in favor of plaintiff for the return of the property, and in the event of inability to return the ring a judgment for $350 and costs and disbursements.

Thereafter, defendant made a motion for a new trial. This motion was also overruled and defendant appeals.

The only question presented by this appeal is: Was there any substantial competent testimony to support the findings of the court?

■ The cause being tried without a jury, the findings of the court have the same force and effect as the verdict of a jury: Oregon Code 1930, § 2-503, and the cases cited thereunder.

■ It would serve no useful purpose to quote the testimony at length. It is sufficient to say that there was substantial competent testimony to support each material allegation of the complaint.

The judgment of the circuit court will be affirmed. It is so ordered.

RAND, C. J., and BAILEY and ROSSMAN, JJ., concur.